IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : : | Criminal Action No. 07-50-JJF |
| JOHN GRANT, | : : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant, John Grant, through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing for use by the government any and all evidence seized from Mr. Grant, on or about March 15, 2007, including any and all of Mr. Grant's statements made to law enforcement officers.

In support of this motion Mr. Grant submits as follows:

1. On March 15, 2007, Wilmington Police Officer DeFelice stopped Mr. Grant as he was driving in his vehicle. The alleged reason for the stop was that Mr. Grant's vehicle had illegally tinted windows. Following the stop, Officer DeFelice threatened to impound Mr. Grant's vehicle and conduct an inventory search because Mr. Grant was allegedly unable to provide proof of insurance for the vehicle. Following subsequent questioning by the officer and prior to being given his Miranda rights, Mr. Grant allegedly admitted to having a gun in the vehicle. Officer DeFelice then conducted

a warrantless search of the vehicle, at which time a firearm was found under the front passenger seat.[1]

2. Following his arrest, Mr. Grant was transported to the police station where he is alleged to have waived his Miranda rights and to have made several incriminating statements.

3. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967). Where no probable cause and no warrant exists for a search, suppression of any evidence recovered will be required. United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd Cir. 1980).

4. A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991). Mr. Grant was clearly seized in this case when the vehicle he was riding in was stopped by Officer DeFelice.

5. Upon a hearing in this matter, the evidence will reveal that there was not a sufficient basis to stop and then search Mr. Grant's vehicle, and that Mr. Grant's seizure was in violation of the Constitution. Because the seizure was illegal, all evidence seized as a result of this illegal seizure, including any statements taken from Mr. Grant following his arrest, must be suppressed in accordance

---

[1] Any facts contained in this motion were taken from the police reports and affidavits prepared with regard to this case. By including these facts in his pre-trial motion, Mr. Grant in no way concedes that events transpired as stated in these reports. It is Mr. Grant's position that an Evidentiary Hearing is needed to further develop the facts with regard to this motion through the adversarial process.

with the "fruit of the poisonous tree doctrine", as was expressed in <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

6. Mr. Grant also moves under the Fifth Amendment and <u>Miranda</u> to suppress any statements he allegedly made prior to being advised of his <u>Miranda</u> rights, during, or subsequent to, his illegal search and seizure. According to <u>Jackson v. Denno</u>, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement, the government bears the burden of establishing compliance with <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) and its progeny. See <u>Miranda</u>, 384 U.S. at 475.

7. It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. <u>Miranda</u>, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. <u>Id</u>. at 444.

8. In the present case, Mr. Grant was questioned by Officer DeFelice following his seizure, and prior to being advised of his rights. Any subsequent statements made by Mr. Grant prior to being advised of his right to remain silent and of his <u>Miranda</u> rights, must be suppressed.

**WHEREFORE**, Mr. Grant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order to suppress the evidence and statements as discussed above.

Respectfully submitted,

/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant John Grant

DATED: July 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-50-JJF |
| | : | |
| JOHN GRANT, | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

The Court having considered Defendant Grant's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that any evidence seized at the time of Mr. Grant's arrest in this case, including any statements made by Mr. Grant, shall be suppressed.

                                                                                                             _____
                                                                                                             Honorable Joseph J. Farnan, Jr.
                                                                                                             United States District Court