*filed in open court this 22nd day of August, 2007*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 07-50-JJF |
| Plaintiff, : | |
| v. : | |
| : | |
| JOHN GRANT, III, : | |
| : | |
| Defendant. : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann and Seth M. Beausang, Assistant United States Attorneys for the District of Delaware, and the defendant, John Grant, III, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count Two of the Indictment. Count Two charges the defendant with knowingly possessing a firearm, that is a Taurus PT9111 9 mm pistol, from which the manufacturer's serial number had been altered and obliterated, which firearm had previously been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B). Count Two of the Indictment carries a maximum sentence of a term of imprisonment of five (5) years, a fine of $250,000, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the three elements of the offense charged in Count Two, namely, that on or about March 15, 2007, in the State and District of Delaware, the defendant John Grant, III, (1) knowingly possessed a firearm, that is a Taurus PT9111 9 mm pistol, (2) from which the manufacturer's serial number had

been altered and obliterated, and (3) which firearm had previously been shipped and transported in interstate commerce interstate or foreign commerce, that is, that the firearm had previously crossed state lines or entered the United States from another country. The defendant knowingly, voluntarily and intelligently admits his guilt to those three elements of the offense charged in Count Two of the Indictment in the above case.

3. The defendant agrees to forfeit all interests in the firearm involved in the violations alleged in Count Two of the Indictment, to wit, a Taurus PT9111 9 mm pistol, which was seized in Wilmington, Delaware on or about March 15, 2007. The defendant further agrees to forfeit all interests in any and all property that was seized from the defendant by any federal, state or local government officials on or about March 15, 2007. The defendant further agrees to waive all interest in any such assets described in the preceding two sentences in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with and at the low end of the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence

will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, and the Government will move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

6. The defendant agrees to pay the $100 special assessment on the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                    COLM F. CONNOLLY
                                                    United States Attorney

_Eleni Kousoulis_                             By: _____
Eleni Kousoulis, Esquire                       Seth M. Beausang
Attorney for Defendant                         Assistant United States Attorney

Dated: __August, 22__, 2007.                 Dated: __August, 22__, 2007.

_John Grant, III_
John Grant, III
Defendant

Dated: __August, 22__, 2007.

    **AND NOW**, this __22__ day of __August__, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                      _____
                                        The Honorable Joseph J. Farnan, Jr.
                                        United States District Court
                                        District of Delaware